Per Curiam.

It appears by the Act of Congress, that the collector might enforce payment of the tax by distress on personal property, or by a sale of land. No limitation of time is provided for making the distress, and there seems to be no good reason why the collector should not sell real estate after the expiration of the two years, as well as personal. The design of the limitation was to prevent the alienation of real estate from being encumbered for an unreasonable period. We think then that the deputy was authorized to make the sale in question, after the two years had expired ;[1] and if so, it was an official act to which the defendant’s responsibility attached. At the time of the sale, the officer receives the purchase money, but makes no conveyance; and the purchaser is noi entitled to a deed until the time for redemption has expired. No return having been made to the district clerk, a demand of a deed by the plaintiff was unnecessary. The collector was not authorized to give a deed, and the clerk could not make one for want of the proper return ; so that a demand would have been a useless ceremony.
The declaration ought to allege that the tax was duly as sessed, and if it is defective in this respect, the plaintiff mar have leave to amend.

Mew trial granted.

 See Revised Stat.. c. 8, § 18; Holden v. Eaton, 8 Pick. 436; Hayden Foster, 13 Pick. 492.